United States District Court
Southern District of Texas
**ENTERED**
August 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERIBERTO CERON-LOMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5010 |
| | § | |
| TODD BLANCHE, et al., | § | |
| | § | |
| Respondents. | § | |

# MEMORANDUM OPINION AND ORDER

Heriberto Ceron-Lomas ("Petitioner"), a citizen of Mexico, entered the United States without inspection on April 1, 2021.[1] On October 18, 2024, Petitioner was detained and was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[2] While in custody, Petitioner filed an application for asylum.[3] On January 14, 2025, Petitioner was released on his own recognizance.[4] On May 18, 2026, an immigration officer issued a warrant for arrest for Petitioner and he was transported to the Montgomery Processing Center.[5] On June 29, 2026, an immigration judge pretermitted Petitioner's application for asylum and ordered him removed from the United

[1]Verified Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 7 ¶ 21; United States Response and Motion to Dismiss or, in the Alternative, for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 7, p. 3.

[3]Id.

[4]Id. at 3–4.

[5]Id. at 4.

States to Mexico.[6] Petitioner has reserved the right to appeal that decision and remains in immigration detention.[7]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act, due process, equal protection, and the Suspension Clause, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[8] Petitioner also argues that Respondents should be equitably estopped from asserting that Petitioner is subject to detention under § 1225(b)(2) because he was previously released on his own recognizance.[9] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7). Respondents argue that Petitioner's detention does not violate due process or equal protection because he is legally detained under § 1225(b)(2) as an applicant for admission.[10] Petitioner has filed a reply.[11]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action

---

[6]Id. at 4–5.

[7]Id. at 5.

[8]Habeas Petition, Docket Entry No. 1, pp. 14–29, 31–34 ¶¶ 47–94, 100–111. As explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claims under the Suspension Clause and the APA are foreclosed.

[9]Id. at 29–31 ¶¶ 95–99.

[10]Respondents' MSJ, Docket Entry No. 7, pp. 1–2, 4.

[11]Reply to the United States Response and Motion to Dismiss or, in the Alternative, for Summary Judgment, Docket Entry No. 8.

No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Petitioner's "Fifth Amendment equal protection claim is unavailing because he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in Buenrostro-Menendez." Soy v. Blanche, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

Petitioner's equitable estoppel claim fails. "As an initial matter, generally equitable estoppel will not lie against the Government as it lies against private litigants." Heredia v. Bondi, 2026 WL 1587132, at *5 (S.D. Tex. Apr. 20, 2026) (citations omitted). Even assuming such a claim could proceed, Petitioner has not identified any affirmative misconduct by Respondents. "The Fifth Circuit has made clear that prior enforcement practices do not override the plain text of the statute." Id. "Thus, the fact that Petitioner may have previously been released under § 1226 does not preclude Respondents from later applying § 1225(b)(2)(A)." Id.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petitioner's Verified Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 17th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE